UNITED STATES of America, Plaintiff–Appellee,

v.

**Jose Ariel TAKAJASI–MALDONADO,** Defendant–Appellant.

No. 04–50909. Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 9, 2005.

Ellen A. Lockwood, Joseph H. Gay, Jr., Assistant U.S. Attorney, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Jose Ariel Takajasi–Maldonado appeals his sentence for reentry into the United States following deportation, in violation of 8 U.S.C. 1326(a) and (b)(2). He argues for the first time on appeal that, in light of *United States v.*

*Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his sentence should be vacated and his case remanded for resentencing because the district court plainly erred by enhancing his sentence based on facts not determined by a jury and which he did not admit. He also argues for the first time on appeal that his sentence should be vacated because the district court plainly erred by treating the guidelines as mandatory. Finally, Takajasi–Maldonado claims that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.

Takajasi–Maldonado's claim that the district court plainly erred by enhancing his sentence based on facts not determined by a jury and which he did not admit is unavailing because he failed to show that "the sentencing judge—sentencing under an advisory scheme rather then a mandatory one—would have reached a significantly different result." *See United States v. Mares,* 402 F.3d 511, 520–522 (5th Cir.), *petition for cert. filed,* No. 04–9517 (U.S. Mar. 31, 2005). His argument that the district court's application of the guidelines as mandatory was plain error also fails because he did not show that the district court would have imposed a different sentence had the guidelines been advisory only. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733–34 (5th Cir. 2005).

Takajasi–Maldonado's argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Accordingly, the judgment of the district court is

AFFIRMED.